IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>    v.<br><br>RICHARD TYLER HUNSINGER,<br>    Defendant. | CRIMINAL ACTION NO.:<br>1:20-MJ-00943-LTW |

**DEFENDANT'S SUPPLEMENTAL BRIEF
IN SUPPORT OF SETTING BOND**

COMES NOW, Richard T. Hunsinger, by counsel, and files this Supplemental Brief in Support of Setting Bond, and states as follows:

**Introduction and standard of review**

This matter comes before the Court on Mr. Hunsinger's Motion for Review of Magistrate's Detention Order. The Magistrate did not find that Hunsinger is a risk of flight but did find that there are "no condition or combination of conditions of release will reasonably assure the safety of any other person and the community." Doc. 18, Part III. Thus, the only issue before this Court is whether the Government has proven "by clear and convincing evidence that no condition or combination of conditions of release will

reasonably assure the safety of any other person and the community." 18 U.S.C. § 3142(e) and *United States v. Medina*, 775 F.2d 1398(11th Cir. 1985).

### Mr. Hunsinger is not a threat of harm

Mr. Hunsinger directs this Court's attention to the long list of letters attached to his Response in Opposition to the Government's Motion for Pretrial Detention. Doc. 15. In summary, on short notice, over a dozen people including a local elected official (Vincent Fort) and numerous other upstanding citizens vouched for Mr. Hunsinger. They reflect his deep and abiding commitment to the community and his passion for service.

It is expected that the Government will urge the Court to detain Mr. Hunsinger based on the nature of the charge. However, that is not the legal standard. The Court should reject the Government's suggestion for the following reasons:

**1. Mr. Hunsinger has no history that indicates he is a threat to the community**

The Pretrial Services Report grossly overstates Mr. Hunsinger's "criminal history" by describing three ***arrests*** for peaceful protests (the charges were dismissed or not pursued) as "Convictions" and a "Pattern of Similar Criminal Activity History". More will be presented on this topic at the hearing.

**2. The Government has provided nearly no discovery for Mr. Hunsinger to rebut this red herring of the seriousness of the crime or the strength of the Government's case**

Agents arrested Richard on November 5th, nearly one and one-half months ago. Yet, as of the submission of this brief, he has been provided no meaningful discovery. To be sure, the Government had no formal obligation to provide discovery prior to arraignment on December 14. However, counsel for Mr. Hunsinger has sought to plan for the receipt of discovery since December 2 as reflected in the following timeline:

| | |
|---|---|
| Dec. 2 | Lovell asks for drive requirement to facilitate discovery production at arraignment. Buchanan responds that he will check with agents. |
| Dec. 10 | Hearing no response, Lovell asks again, and Buchanan responds that it will require 2 TB. |
| Dec. 14 | At arraignment, Lovell produces 1.6 TB in two drives. Buchanan believes discovery can be ready by end of week (today). |

The inability to timely produce discovery is likely attributable to disruptions caused by the pandemic. However, Mr. Hunsinger should not be penalized for that. Indeed, disruption caused by the pandemic will likely, despite the wonderful recent news of vaccines, ripple throughout 2021. A decision to follow the Government's request for detention may result in him being detained for a year or more without trial. And, in the immediate future being subjected to one of the deadliest places for the Corona virus, an American jail.

This discovery is also relevant to the issue here because undersigned counsel attempted to explore, at the preliminary hearing, the access by agents of medical records without a warrant and potentially in violation of Health Insurance Portability and Accountability Act (HIPAA) laws. The Government's objection to the defense exploring suppression issues at a preliminary was properly sustained. However, Mr. Hunsinger still sits blindly as the Government touts the strength of their case.

The Government's one-sided presentation of "facts" should not distract from the Government's burden to show by "by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community."

### 3. The Government has been requesting detention in similar cases and has been denied

As articulated in Hunsinger's Response in Opposition to the Government's Motion for Pretrial Detention, other courts in the Northern District of Georgia have rejected the Government's request on similar cases. *See* Doc. 15 at 3-4 *citing* United States v. Jesse James Smallwood, Crim. No. 2:20-cr-23-SCJ-JCF-1, (U.S.D.C. N.D.GA) (also charging arson with a five year mandatory minimum sentence) and United States v. Randall Mellon, Crim. No. 1:20-cr-00256-JPB-

4

AJB-1, Doc. 1 (U.S.D.C. N.D.GA)(A firearms case where undersigned counsel spoke with Mellon's attorney and learned that his purported involvement in violent protests were central to the question of detention).

**Conclusion**

This Honorably Court may fashion a set of conditions sufficient to ensure that Mr. Hunsinger poses no threat to the community.

Dated: This 18th day of December, 2020.

          Respectfully Submitted,

          /s/ *John Lovell*
          John Lovell
          Attorney for Defendant
          Georgia Bar No. 359390
          John Lovell, Esq., P.C.
          90F Glenda Trace, #427
          Newnan, Georgia 30265
          678.552.2534
          john@johnrlovell.com

CERTIFICATE OF SERVICE AND COMPLIANCE

I hereby certify that the foregoing document was formatted in Times New Roman 14 pt., in accordance with Local Rule 5.1C, and I have this day electronically filed the document with the Clerk of the Court using the CM/ECF system which will automatically send e-mail notification of such filing to the attorney(s) of record in the case, including opposing counsel.

Dated: This 18th day of December, 2020.

*/s/ John Lovell*
John Lovell